**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| SALIX PHARMACEUTICALS, INC. and DR. FALK PHARMA GmbH, <br><br> Plaintiffs, <br><br> v. <br><br> G&W LABORATORIES, INC. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 14-213-GMS (CONSOLIDATED) <br><br> **PUBLIC VERSION** |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO
AMEND ORDER (D.I. 183) PURSUANT TO FED. R. CIV. P. 59(e)**

PILLSBURY WINTHROP SHAW PITTMAN LLP

H. Keeto Sabharwal (*pro hac vice*)
1200 Seventeenth Street, NW
Washington, DC 20036
(202) 663-8000
keeto.sabharwal@pillsburylaw.com

Michelle A. Herrera (*pro hac vice*)
501 West Broadway, Suite 1100
San Diego, CA 92101
(619) 234-5000
michelle.herrera@pillsburylaw.com

FOLEY & LARDNER LLP
Liane M. Peterson
3000 K Street NW, Suite 600
Washington, DC 20007
lpeterson@foley.com

Ramy E. Hanna
90 Park Avenue
New York, NY 10016
rhanna@foley.com

Dated:  September 11, 2017
Redacted Public Version: September 18, 2017

YOUNG CONAWAY STARGATT
  & TAYLOR, LLP

Adam W. Poff (#3990)
Pilar G. Kraman (#5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

*Attorneys for Defendant G&W
Laboratories, Inc.*

4850-0424-2255.v1

Defendant G&W Laboratories, Inc. ("G&W") opposes Plaintiffs' motion to amend the Court's Order of Dismissal issued on July 31, 2017 (D.I. 183). Plaintiffs' motion is an overreaching attempt to obtain relief that is neither necessary nor warranted, and it should be denied. G&W addresses Plaintiffs' motion to amend the Court's Order separately with respect to the Otterbeck patents and the '688 patent.

## THE OTTERBECK PATENTS

In the Joint Status Report filed on June 9, 2017, the parties agreed to dismiss all claims, defenses and counterclaims related to the Otterbeck patents with prejudice. (D.I. 181, §2.) While the Court's July 31, 2017 Order (D.I. 183) does not reference this stipulated dismissal, its existence, force and effect are clear from: (1) the Clerk's Report on the Determination of an Action Regarding a Patent (D.I. 184) specifically identifies the Otterbeck patents as being dismissed; and (2) the following case information appears at the top of the Court's docket that further evidences the dismissal of the Otterbeck patents -- "Date Terminated: 07/31/2017."

Plaintiffs' motion sets forth neither a legitimate basis nor good faith rationale as to why it would be in the parties' or the Court's interest to amend the July 31 Order to specifically reference the Otterbeck patents. Rather, Plaintiffs' motion is an attempt to amend the Order to wrap into the dismissal, and the public record, a reference to a purported agreement ████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████ Indeed, no reference is made to any such agreement in the stipulation to dismiss the Otterbeck patents contained within the parties' June 9, 2017 Joint Status Report. (D.I. 181, §2.) Plaintiffs, however, contend that ████████████████████████████████████████████████

██████████. This is not the case, and the Court should not sanction Plaintiffs' attempt to amend the Order to insert a self-serving reference to a purported agreement that does not exist.

Although irrelevant to the dismissal, what did occur is that ████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████, as the basis for Plaintiffs' request that the Court refrain from issuing a decision on the Otterbeck patents. On May 30, 2017, G&W ███████████ ████████████████████████████████████████████████████████████████████████████████ ██████████████. (D.I. 185, Exh. B.) This is not an agreement ████████████████████ ████████████████████████████████████. Plaintiffs' assertion that there exists an agreement is belied by the lack of any reference to such an agreement in the June 9, 2017 Joint Status Report wherein the parties requested the Court dismiss the Otterbeck patents. The parties' joint representation to the Court in the report that they had agreed to dismiss all claims, defenses and counterclaims related to the Otterbeck patents, with prejudice, is consistent with what Plaintiffs had always sought and now have, which is no adverse ruling of invalidity on the Otterbeck patents. Indeed, Plaintiffs have repeatedly asked the Court to not issue a decision on the Otterbeck patents, which were fully tried almost two years ago, for this same reason. (*See* D.I. 159, 5/26/2016 Teleconf. Tr., at 4:2-3, 6:19-7:1 and 11:2-8; D.I. 168, 12/30/2016 Joint Status Report, at p. 2; D.I. 170, 2/2/2017 Teleconf. Tr., at 5:1-11, 10:10-18 and 17:14-21.) An agreement ████████████████████████████████████████ was not a condition to the dismissal, and this is clearly reflected by the language agreeing to dismiss the Otterbeck patents contained within the June 9, 2017 Joint Status Report.

For these reasons, it is G&W's position that amendment of the Court's July 31 Order is not warranted. If the Court is inclined, however, to amend the Order to include reference to the

Otterbeck patents, G&W proposes an amendment in the form attached hereto that does not include any language regarding a non-existent agreement ███████████████████████████████████████████████████████████.

## THE '688 PATENT

Regarding the '688 patent, Plaintiffs' motion simply reargues their position in the parties' June 9, 2017 Status Report (D.I. 181) that the case as to that patent should be stayed pending Plaintiffs' appeal of the PTAB's invalidity decision. The Court already rejected that argument once, and should do so again. Further, Plaintiffs previously conceded that a trial on the '688 patent would not be necessary if the PTAB found claims 1 and 16 invalid. (D.I. 170, 2/2/17 Teleconf. Tr., at 10:24-11:4.) Plaintiffs now, under the guise of a motion to alter or amend a judgment, seek to change course and hold this case open indefinitely.

The Court's July 31 Order dismissed the claims, defenses and counterclaims related to the '688 patent <u>without</u> prejudice. Plaintiffs' request to retain the ability to potentially "reinstate" those claims at some indefinite point down the road is antithetical to the dismissal. If the Federal Circuit reverses the PTAB's decision on invalidity, Plaintiffs can refile their case against G&W for infringement of the '688 patent. The parties' appeal rights are not at risk by the Court's July 31 Order. From a practical standpoint, there are three potential outcomes to Plaintiffs' appeal of the PTAB's decision that claims 1 and 16 of the '688 patent are invalid to the Federal Circuit:

1. The Federal Circuit will affirm the PTAB's decision, in which case the invalidity decision will apply as a *res judicata* bar against any infringement claims by Plaintiffs against G&W related to the '688 patent;

2. The Federal Circuit will reverse the PTAB's decision, Plaintiffs will refile their complaint against G&W and:

   a. Plaintiffs will prove infringement with no finding of invalidity, and the Court will issue a judgment reflecting the same which G&W can appeal to the Federal Circuit; or

   b. G&W will prove invalidity and/or non-infringement or Plaintiffs will fail to prove infringement, and the Court will issue a judgment reflecting the same which Plaintiffs can appeal to the Federal Circuit.

There is simply no reason for the Court to amend its Order in the manner Plaintiffs advocate, or in any other respect. The purported convenience Plaintiffs <u>might</u> obtain through their requested amendments to the Order regarding the '688 patent does not outweigh the benefits of finality and closure that the Order as it currently stands provides to both the Court and for G&W. G&W accordingly opposes any amendment to the Order as it relates to the '688 patent. If the Court, however, is inclined to modify the dismissal in some respect to address Plaintiffs' appeal concerns, it should not include Plaintiffs' proffered language that "all prior rulings and orders in this Action are preserved pending reinstatement of this Action." (D.I. 185, p. 3, para. (3).) Principles of issue preclusion and collateral estoppel will govern what orders and rulings will be given effect if and when this case ever resurfaces. Plaintiffs' attempt at a broad, sweeping preservation of all prior rulings and orders is inconsistent with a dismissal without prejudice. Moreover, its vagueness and broadness raise concerns and questions as to what specific prior rulings and orders Plaintiffs contemplate preserving.

For these reasons, G&W respectfully requests that the Court deny Plaintiffs' Motion to amend the Court's July 31, 2017 Order (D.I. 183.)

| | |
|---|---|
| Dated: September 11, 2017 | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| *Of Counsel:* | /s/ *Pilar G. Kraman* |
| H. Keeto Sabharwal (*pro hac vice*)<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>1200 Seventeenth Street, NW<br>Washington, DC 20036<br>(202) 663-8000<br>keeto.sabharwal@pillsburylaw.com | Adam W. Poff (#3990)<br>Pilar G. Kraman (#5199)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>apoff@ycst.com<br>pkraman@ycst.com |
| Michelle A. Herrera (*pro hac vice*)<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>501 West Broadway, Suite 1100<br>San Diego, CA 92101<br>(619) 234-5000<br>michelle.herrera@pillsburylaw.com | *Attorneys for Defendant G&W Laboratories, Inc.* |
| Liane M. Peterson<br>FOLEY & LARDNER LLP<br>3000 K Street NW, Suite 600<br>Washington, DC 20007<br>lpeterson@foley.com | |
| Ramy E. Hanna<br>FOLEY & LARDNER LLP<br>90 Park Avenue<br>New York, NY 10016<br>rhanna@foley.com | |

4850-0424-2255.v1

## **CERTIFICATE OF SERVICE**

I, Pilar G. Kraman, hereby certify that on September 18, 2017, I caused to be electronically filed a copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Mary W. Bourke, Esquire
> Kristen Healey Cramer, Esquire
> Dana K. Severance, Esquire
> Daniel M. Attaway, Esquire
> Nicholas T. Verna, Esquire
> Womble Carlyle Sandridge & Rice, LLP
> 222  Delaware Avenue, Suite 1501
> Wilmington, DE 19801
> *mbourke@wcsr.com*
> *kcramer@wcstr.com*
> *dseverance@wcsr.com*
> *dattaway@wcsr.com*
> *nverna@wcsr.com*
>
> *Attorneys for Plaintiffs*

I further certify that on September 18, 2017**,** I caused a true and correct copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following:

> Preston H. Heard, Esquire
> Womble Carlyle Sandridge & Rice LLP
> 271 17th Street, NW, Suite 2400
> Atlanta, GA 30363-1017
> *pheard@wcsr.com*
>
> *Attorney for Plaintiffs*

01:18392634.1

|  |  |
|---|---|
| Dated: September 18, 2017 | YOUNG, CONAWAY, STARGATT & TAYLOR, LLP |
|  | /s/ *Pilar G. Kraman* |
|  | Adam W. Poff (No. 3990) |
|  | Pilar G. Kraman (No. 5199) |
|  | Rodney Square |
|  | 1000 North King Street |
|  | Wilmington , DE 19801 |
|  | (302) 571-6600 |
|  | *pkraman@ycst.com* |
|  | *Attorneys for Defendant* |

2