**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SALIX PHARMACEUTICALS, INC. and DR. FALK PHARMA GmbH, <br><br> Plaintiffs, <br> v. <br><br> G&W LABORATORIES, INC. <br><br> Defendant. | ) <br> ) <br> ) <br> ) C.A. No. 14-213-GMS <br> ) (CONSOLIDATED) <br> ) <br> ) <br> ) <br> ) Redacted Version of D.I. 189 <br> ) |

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION TO AMEND ORDER (D.I. 183) PURSUANT TO FED. R. CIV. P. 59(e)**

Plaintiffs Salix Pharmaceuticals, Inc. ("Salix") and Dr. Falk Pharma GmbH ("Dr. Falk") (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby reply to Defendant G&W Laboratories, Inc. ("G&W") Opposition to Plaintiffs' Motion to Amend Order (D.I. 183) Pursuant to Fed. R. Civ. P. 59(e). (D.I. 187.) Plaintiffs' Motion is a simple, procedural request to specify the lack of finality of the judgment to avoid unnecessarily wasting the parties' and judicial resources. An amended Proposed Order attached hereto as Exhibit E addresses some of the issues raised in G&W's Opposition.

**THE OTTERBECK PATENTS**

The Otterbeck patents were never formally dismissed on the record. Neither the Joint Status Report nor the Clerk's Report to the PTO referring to an Order dismissing only the '688 patent is a formal dismissal of the Otterbeck patents. (*See* D.I. 185 at 4 n.1.) Plaintiffs' legitimate objective is to obtain a dismissal that is clear on the record, whether or not redacted or revised to eliminate ████████████████████████. As to G&W's contention that the parties never agreed ████████████████ (D.I. 187 at 2), Plaintiffs disagree. It is clear from Plaintiffs' June 1, 2017 response to G&W's May 30, 2017 letter that ████████

██████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████. (Ex. C.) If Plaintiffs' understanding was contrary to G&W's position, G&W should have said so.

G&W's contention that Plaintiffs asked the Court to refrain from issuing a decision to "avoid an adverse ruling on invalidity of the Otterbeck patents" is simply wrong. (D.I. 187 at 3.) The record reflects that prior defendant Novel voluntarily dismissed its invalidity defense to the Otterbeck patents (without prejudice) before the November 2015 trial. (*See* Ex. D (email exchange of October 14, 2015); D.I 124 (stipulation of voluntary dismissal of Novel's counterclaim relating to validity of the Otterbeck patents)). Thus, invalidity of the Otterbeck patents was not at issue. Further, as all of Plaintiffs' statements cited in G&W's opposition demonstrate, Plaintiffs submitted that issuing a decision on infringement was a waste of judicial resources for the following legitimate reasons: ████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████. (*See* D.I. 187 at 3, citing D.I. 159 at 4:2-3, 6:19-7:1, and 11:2-8; D.I. 168 at 2; D.I. 170 at 5:1-11, 10:10-18, and 17:14-21.)

Accordingly, to clarify the record, it is necessary to amend the Order to formally reflect dismissal of the Otterbeck patents, as set forth in Plaintiffs' Proposed Order attached as Exhibit E hereto.

## THE '688 PATENT

The Court's Order dismissing all claims and counterclaims related to the '688 patent, including all unresolved and unadjudicated claims, constitutes a final judgment requiring the parties to appeal any adverse ruling or order now or risk waiver. *See Silicon Image, Inc. v.*

*Genesis Microchip Inc*., 395 F.3d 1358, 1362-1363 (Fed. Cir. 2005).  Contrary to G&W's contention, Plaintiffs are not advocating a stay of the case as they did in the Joint Status Report, or to reopen the closed case at this time.  Plaintiffs are simply requesting that the Court amend the Order to include language to specify that it is not yet a final, appealable judgment to avoid wasting the parties' and judicial resources before a final, non-appealable decision has issued on the validity of claim 1 in IPR2016-00297.  (*See* D.I. 185 at 4-6 and n.2 (discussing *Int'l Rectifier Corp. v. SGS-Thomson Microelecs, Inc.,* 1995 WL 616551 (Fed. Cir. Oct. 5, 1995)).)

      Plaintiffs respectfully request that the Court grant Plaintiffs' Motion and enter the Proposed Order at Exhibit E attached hereto.

Dated: September 18, 2017

Redacted Version Filed:
September 25, 2017

Respectfully submitted,

*/s/ Mary W. Bourke*
Mary W. Bourke (#2356)
Kristen Healey Cramer (#4512)
Dana K. Severance (#4869)
Daniel M. Attaway (#5130)
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
(302) 252-4333
mbourke@wcsr.com
kcramer@wcsr.com
dseverance@wcsr.com
dattaway@wcsr.com

*Attorneys for Plaintiffs Salix Pharmaceuticals, Inc. and Dr. Falk Pharma GmbH*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of September, 2017, I electronically filed a true and correct copy of **PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO AMEND ORDER (D.I. 183) PURSUANT TO FED. R. CIV. P 59(e)** via CM/ECF and electronically mailed a copy to the below individuals:

Adam W. Poff
Pilar G. Kraman
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
apoff@ycst.com
pkraman@ycst.com

Hemant Keeto Sabharwal
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, N.W.
Washington, DC 20036-3006
keeto.sabharwal@pillsburylaw.com

Michelle A. Herrera
PILLSBURY WINTHROP SHAW PITTMAN LLP
501 West Broadway, Suite 1100
San Diego, CA 92101
michelle.herrera@pillsburylaw.com

Liane M. Peterson
FOLEY & LARDNER LLP
3000 K Street NW, Suite 600
Washington, DC 20007
lpeterson@foley.com

Ramy E. Hanna
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
rhanna@foley.com

      */s/ Mary W. Bourke*
      Mary W. Bourke (#2356)
      mbourke@wcsr.com